## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

No. 19-20001

August 3, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOHN DUBOR,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-384-1

Before STEWART, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

John Dubor challenges his 108-month sentence for Medicare fraud. He argues that the district court improperly calculated his loss amount by failing to account for legitimate services that his home health care company supposedly performed. That failure, he contends, dramatically increased his offense level and inflated his restitution obligation. But Dubor did not submit any evidence of legitimate services or otherwise rebut the presentence report's loss calculation, so we affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20001

## I.

A federal grand jury charged Dubor with eight counts of Medicare fraud. At the trial that followed, the government alleged that Dubor paid kickbacks for client referrals, billed Medicare for services that were never provided, and "treated" patients with services that were not medically necessary. After three days of evidence showing that Medicare reimbursed Dubor $3,534,972 during his scheme, the jury convicted him on all counts.

The PSR calculated Dubor's total offense level at 40, which resulted in a recommended Guidelines range of 292 to 365 months. A big contributor to that offense level was an 18-level enhancement for causing a loss exceeding $3.5 million. U.S.S.G. § 2B1.1(b)(1)(J) (2016). That amount was tied to the $3,534,972 that Medicare reimbursed Dubor. The PSR recommended restitution in the same amount.

Dubor filed an objection. He primarily argued that the government failed to prove that the loss amount equaled the reimbursement total and, as a result, that the PSR's loss determination was unreliable. By his math, Medicare's loss was only $242,657. That amount corresponds to only a 10-level enhancement. *Id.* § 2B1.1(b)(1)(F) (2016).

At sentencing, Dubor repeated his argument that the loss amount was based on the mistaken premise that every dollar he billed Medicare was fraudulent. Without citing any evidence or a specific amount, he also argued that he was entitled to an offset because he had provided legitimate services to legitimate patients.

The district court granted Dubor's objection in part. Noting that the loss amount exceeded the $3.5 million threshold by only $35,000, it imposed the 16-level enhancement for loss between $1.5 million and $3.5 million. *Id.* § 2B1.1(b)(1)(I) (2016). The court made clear, however, that it did "not doubt[

2

No. 19-20001

] the government's proof" and reduced Dubor's offense level "using the rule of leniency," not a lower loss amount.

This reduction meant Dubor's Guidelines range was 188 to 235 months. The court sentenced Dubor well below that range to 108 months in prison, using its discretionary authority to vary from the Guidelines' recommendation. It otherwise adopted the PSR, including its actual-loss amount and recommended restitution award of $3,534,972.

## II.

Dubor makes the same argument in challenging both his Guidelines calculation and restitution award: Medicare's loss from his crimes was far less than $3,534,972. Like any other factual finding, the district court's actual-loss determination is reviewed for clear error.[1] *United States v. Glenn*, 931 F.3d 424, 430 (5th Cir. 2019). That deferential standard is satisfied only if we are "left with the definite and firm conviction that a mistake has been committed." *United States v. Mata*, 624 F.3d 170, 173 (5th Cir. 2010) (per curiam) (quoting *United States v. Castillo*, 430 F.3d 230, 238 (5th Cir. 2005)). Conversely, we must affirm if the "finding is plausible in light of the record as a whole." *United States v. Guidry*, 960 F.3d 676, 681 (5th Cir. 2020) (quoting *United States v. Serfass*, 684 F.3d 548, 550 (5th Cir. 2012)).

The record supports the court's loss finding. "Actual loss" under the Guidelines is "the reasonably foreseeable pecuniary harm that resulted from the offense." U.S.S.G. § 2B1.1 cmt. n.3(A)(i). When, as here, the Mandatory Victim Restitution Act controls, the district court's restitution award can go

---

[1] Although the parties agree that the factual dispute underlying Dubor's restitution challenge is reviewed for clear error, they disagree over whether his enhancement challenge is subject to plain- or clear-error review. We need not resolve the parties' disagreement, as Dubor's challenge fails under either standard. *See United States v. Infante*, 404 F.3d 376, 389 (5th Cir. 2005) (holding that the court did not need to "decide the proper standard of review" because the defendant's argument "fail[ed] under either standard").

no higher than the actual-loss amount. *United States v. Dickerson*, 909 F.3d 118, 129 (5th Cir. 2018) ("Restitution cannot exceed actual losses."); *see* 18 U.S.C. § 3663A(a)(1)–(2).

Considering the difficulties of calculating loss in some cases, exactitude is not required. *See United States v. De Nieto*, 922 F.3d 669, 675 (5th Cir. 2019) (noting that loss need not be determined with "absolute certainty" (quoting *United States v. Goss*, 549 F.3d 1013, 1019 (5th Cir. 2008))). The district court may make a "reasonable estimate of the loss," U.S.S.G. § 2B1.1 cmt. n.3(C), and it enjoys "wide latitude" in doing so, *United States v. Jones*, 475 F.3d 701, 705 (5th Cir. 2007). In estimating loss, a "district court may rely upon information in the PSR . . . so long as that 'information bears some indicia of reliability.'" *United States v. Danhach*, 815 F.3d 228, 238 (5th Cir. 2016) (quoting *United States v. Simpson*, 741 F.3d 539, 557 (5th Cir. 2014)). And when a PSR describes "fraud [that] is so pervasive that separating legitimate from fraudulent conduct 'is not reasonably practicable,'" the defendant bears the burden of proving any legitimate amounts. *United States v. Mazkouri*, 945 F.3d 293, 304 (5th Cir. 2019) (quoting *United States v. Hebron*, 684 F.3d 554, 563 (5th Cir. 2012)).

This is where Dubor's challenge fails. As the PSR and ample trial evidence show, he committed extensive Medicare fraud for over five years by paying tens of thousands of dollars in illegal kickbacks for referrals, performing services that were not medically necessary, falsifying patient documentation and physician orders, and charging the government for services that were never provided. Given that reliable evidence of pervasive fraud, Dubor had to establish that he was entitled to an offset against the PSR's actual-loss estimate. *Id.*

He did not. At sentencing, Dubor merely objected to the loss amount and made unsubstantiated assertions about legitimate services. The district

No. 19-20001

court thus reasonably adopted the government's unrebutted loss calculation. *See United States v. Ayika*, 837 F.3d 460, 468 (5th Cir. 2016) (holding that the defendant's mere objections, "without more," were not competent evidence to rebut the district court's findings).

* * *

The district court did not err in applying the 16-level enhancement or in imposing restitution. Its judgment is AFFIRMED.